1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN FOSTER HOLMAN, | Case No. 3:15-cv-00011-MMD-VPC |
| Plaintiff, | |
| v. | ORDER |
| BARACK HUSSEIN OBAMA, | (Motion to Dismiss– dkt. no. 18) |
| Defendant. | |

## I.    SUMMARY

Plaintiff John Holman ("Holman"), proceeding pro se, filed this suit against President Barack Obama ("the President") alleging violations of the United States Constitution and various federal laws. (Dkt. no. 2 at 1.) Holman seeks several forms of relief, including an order remanding the case to the United States Supreme Court, an injunction against the President of the United States requiring him to "carry out our immigration and naturalization laws" (or alternatively, ordering him to step down so that the Vice President of the United States may do so), an order "overruling the grant of amnesty to millions of illegal aliens, and a determination from the United States Supreme Court whether the President's actions amount to treason. (*Id.* at 5-6.)

The President filed a Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim ("Motion") arguing, among other things, that Holman lacks standing and therefore the Court does not have subject-matter jurisdiction. (Dkt. no. 18.) In addition to Holman's complaint and the pending Motion, the Court has also reviewed Holman's

1   response (dkt. no. 20) and the President's reply. (Dkt. no 21.) For the reasons stated

2   below, the Motion is granted.

3   **II.      BACKGROUND**

4          In January of 2015, Holman filed a complaint alleging the President violated the

5   U.S. Constitution, "the Immigration and Naturalization Laws of the United States," and 42

6   U.S.C. § 1983. (Dkt. no. 2.) The Complaint does not identify the specific actions he is

7   challenging. Holman simply states that the President "has breached his legal duty to the

8   legal residents of the United States by intentionally failing to carry out the immigration

9   and naturalization laws of the United States . . . and granting amnesty to millions of

10  illegal residents. . . ." (Dkt. no. 2 at 3.) The Complaint does not pinpoint any particular

11  dates, programs, executive orders, decisions, statements, or policies.

12         In July of 2015 the President filed the current Motion. The Motion describes the

13  development, legal foundation, and function of two Department of Homeland Security

14  policies which call for a case-by-case exercise of deferred action in removing certain

15  aliens: Deferred Action for Childhood Arrivals ("DACA") and Deferred Action for Parents

16  of Americans and Lawful Permanent Residents ("DAPA"). Assuming that these are the

17  policies Holman is challenging, the President then makes several arguments in favor of

18  dismissal. As a threshold issue, the President argues Holman lacks Article III standing.

19  The Court will address this threshold issue first.

20  **III.     DISCUSSION**

21         **A.      12(b)(1) Legal Standard**

22         Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek

23  dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under

24  Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege

25  facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic*

26  *Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir.

27  2008). Although the defendant is the moving party in a motion to dismiss brought under

28  Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the

2

1  plaintiff bears the burden of proving that the case is properly in federal court. *McCauley*
2  *v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors*
3  *Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

4  Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v.*
5  *Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a
6  particular case unless the contrary affirmatively appears." *Stock West, Inc. v.*
7  *Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).
8  Thus, federal subject matter jurisdiction must exist at the time an action is commenced.
9  *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).
10 Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial, confining the inquiry
11 to the allegations in the complaint, or factual, permitting the court to look beyond the
12 complaint. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir.
13 2003). "In a facial attack, the challenger asserts that the allegations contained in a
14 complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for*
15 *Everyone v. Myer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

16 **B.    Article III Standing**

17 Whether a plaintiff has standing depends on whether a plaintiff has fulfilled the
18 "case or controversy" requirement of Article III. To satisfy Article III, a plaintiff "must show
19 that (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b)
20 actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the
21 challenged action of the defendant; and (3) it is likely, as opposed to merely speculative,
22 that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v.*
23 *Laidlaw Envtl. Sys. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). A suit brought by a
24 plaintiff without Article III standing is not a "case or controversy," and an Article III federal
25 court therefore lacks subject matter jurisdiction over the suit. *Steel Co. v. Citizens for a*
26 *Better Environment*, 523 U.S. 83, 101 (1998). In that event, the suit should be dismissed
27 under Rule 12(b)(1). *See Steel Co.* at 109-10.

28 ///

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

Holman's complaint identifies two potential bases for standing. First, Holman claims he has standing due to his status as "a natural born citizen of the United States and a taxpayer." (Dkt. no. 2 at 3.) Second, Holman alleges that he, and other legal residents, will suffer economic harm because of the President's actions. (*Id.*) It is true that simply being a taxpayer or alleging future economic harm can create standing in some circumstances. This is not one of them.

### 1.    Taxpayer Standing

"[P]ayment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 593 (2007). The Supreme Court carved out a very narrow exception to this general rule in *Flast v. Cohen*, 392 U.S. 83 (1968). In *Flast*, the Court held that a plaintiff could use his or her status as a taxpayer to challenge government actions that allegedly used public funds in a way which violated the Establishment Clause of the First Amendment. The Supreme Court has explicitly rejected opportunities to expand this exception on a number of occasions. *See Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125 (2011); *Hein*, 392 U.S. 83. It has further noted that "private persons . . . have no judicially cognizable interest in procuring enforcement of the immigration laws by the INS." *Sure-Tan, Inc. v. N.L.R.B.*, 467 U.S. 883, 897 (1984).

The fact that Holman is a United States citizen and a taxpayer means that he is entitled to a variety of privileges in our political system. He may support and vote for candidates for office (including the Presidency) who he believes will enforce immigration laws justly. He may organize fellow citizens in support of his goals or even run for office himself. According to well established Supreme Court precedent, however, Holman's
///

4

1   citizenship and tax payments alone do afford him standing in a suit challenging

2   executive actions on immigration.[1]

3               **2.   Economic Harm**

4               Holman also alleges that he has standing "as a result of the economic harm that

5   he will suffer as well as the other legal residents of the United States." (Dkt. no. 2 at 3.)

6   Holman's complaint does not offer any further clarification about the source or size of the

7   economic harm he alleges. In his response brief, Holman argues the President's "action

8   in not enforcing our immigration laws is costing our country tens or hundreds of billions

9   of dollars yearly and probably trillions of dollars over the longer run." (Dkt. no. 20 at 4.)

10              Holman's allegations are a perfect example of the type of general grievance that

11  the Supreme Court has repeatedly held does not create a case or controversy under

12  Article III. *See   Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573-74 (1992) ("We have

13  consistently held that a plaintiff raising only a generally available grievance about

14  government — claiming only harm to his and every citizen's interest in proper application

15  of the Constitution and laws, and seeking relief that no more directly and tangibly

16  benefits him than it does the public at large — does not state an Article III case or

17  controversy.") The economic harm that Holman alleges is speculative and not specific to

18  him as a plaintiff. In other words, the alleged injury is neither "concrete and

19  particularized" nor "actual or imminent." *Friends of the Earth, Inc.* 528 U.S. at 180–81.

20  Therefore, Holman has failed to plead a cognizable injury which would create a case or

21  controversy.

22  ///

23  ///

24  _____

25  [1]Holman worries that if he does not have standing to challenge the President's executive decisions on immigration enforcement, the balance of power in the federal government will be upended. (Dkt. no. 20 at 5 ("Someone has to bring a suit. . . . If not

26  Plaintiff, who else?")) However, the Court notes that a number of suits challenging DACA and DAPA have been moved through the federal courts, and the Supreme Court has

27  even granted certiorari in one. *See United States v. Texas*, 136 S. Ct. 906 (2016) (granting certiorari in the case of *Texas v. United States*, 809 F.3d 134, 164 (5th Cir.

28  2015)).

1

### C.     Amendment & Dismissal Without Prejudice

Holman has failed to meet his burden showing that this Court has jurisdiction. The Court will consequently grant the President's Motion to Dismiss.

When the Court grants a motion to dismiss, it must then decide whether to grant leave to amend. The Court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). This is such a case. The deficiencies in Holman's complaint cannot be cured through amendment because they arise from the very nature of his lawsuit.

A dismissal for lack of jurisdiction is not a dismissal on the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits."); *see McCarney v. Ford Motor Co.*, 657 F.2d 230, 234 (8th Cir. 1981) (explaining operation of Rule 41(b)). As a result, a lack of subject matter jurisdiction usually justifies only a dismissal, not a dismissal with prejudice. *See Fishburn v. Brown*, 125 F.3d 979, 981 (6th Cir.1997) ("[A]bsent subject matter jurisdiction the court has no authority to rule on the merits of [a] claim[ ].")

### IV.     CONCLUSION

It is ordered that Defendant's Motion to Dismiss (dkt. no. 18) is granted. Plaintiff's Complaint is dismissed without prejudice.

///

///

///

6

The Clerk of the Court is ordered to close this case.

ENTERED THIS 1st day of March 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE